BOARD OF EDUCATION OF THE CITY OF ST. LOUIS v. COUNTY OF ST. LOUIS, Appellant.—149 S. W. (2d) 878.

Division One, April 18, 1941.

*Erwin F. Vetter* for appellant.

*Emmet T. Carter* for respondent.

GANTT, P. J.—Action on a claim filed in the County Court of St. Louis County by the Board of Education of the City of St. Louis (herein referred to as City). The claim alleged that negro students

residing in Kinloch School District No. 18 of St. Louis County, during the school years of 1933-34 and 1934-35, attended certain negro high schools in the City of St. Louis and for that reason St. Louis County was indebted to the City for tuition fees of said students. On a denial of the claim by the county court, the city appealed to the Circuit Court of St. Louis County. On an agreed statement of facts in said court, judgment was rendered in favor of the city for $7755. In due course the county appealed. The substantive facts agreed upon by the parties may be stated as follows:

a. That the city was charged with the supervision and operation of the Vashon High School and the Sumner High School, both negro high schools attended exclusively by negro students.

b. That Kinloch School District No. 18 is an existing school district in St. Louis County.

c. That during the school years of 1933-34 and 1934-35 certain negro pupils described in respondent's claim, residents of the Kinloch School District No. 18, were enrolled and attended the Vashon and Sumner High Schools in the City of St. Louis.

d. That the Kinloch School District No. 18 voted the maximum levy for school purposes as provided by Section 11, Article X, of the Constitution of Missouri, and that the revenue produced was insufficient to maintain its public schools.

e. That there was no negro consolidated high school located in the Kinloch School District No. 18 during the school years mentioned.

f. That there was established and located in St. Louis County a negro consolidated high school during the school years mentioned.

The sections of the statute providing high school training for the negro children of St. Louis County follow:

The school districts in the county, maintaining high schools for white children and having therein negro school children are, by statute, created a negro consolidated county high school district. [Sec. 9347, R. S. 1929, now Sec. 10489, R. S. 1939.]

Negro school children, qualified to enter a high school and residing in a school district which does not offer high school training, shall be permitted to attend the negro consolidated county high school in the county under conditions named in the statute. [Sec. 9348, R. S. 1929, now Sec. 10490, R. S. 1939.]

The county court shall pay out of certain funds the tuition of negro children attending the negro consolidated county high school, if the school district in which the negro children reside have not sufficient funds to pay the same within the meaning of the statute. [Sec. 9349, R. S. 1929, now Sec. 10491, R. S. 1939.]

"Until such time as a colored consolidated county high school has been furnished, as provided herein, any colored person of school age, who is a resident of such county and shall have completed the course approved by the department of public instruction for the school dis-

tricts in such county, such person shall be permitted to attend any public colored high school in any adjoining city or county, when said pupil has met all requirements laid down by the board of education in carrying out a course of study for said high school. . . . The school district in which such student resides shall pay to the secretary of the school board in the district in which such student shall be permitted to attend a tuition fee equal to the average cost per pupil for maintaining said colored high school during such attendance. . . . *Provided,* that when any school district voting the maximum levy for school purposes, as provided in section 11, article X of the Constitution of Missouri, shall not have sufficient funds to maintain their public schools within the general average cost per pupil for all the schools within the county, the county court shall pay out of the incidental funds in the county treasury the tuition of pupils attending a colored high school from said school district; such payment to be made out of the teachers' and contingent funds of the debtor school district, and such tuition fees so collected by the secretary shall be turned over by him, with an itemized statement, to the treasurer of said school district." [Sec. 9350, R. S. 1929, now Sec. 10492, R. S. 1939.]

The city states that it seeks recovery under Sec. 9350, R. S. 1929, now Sec. 10492, R. S. 1939. At the time it furnished high school training for the negro school children, there was a negro consolidated high school district in the county which was available to the negro children residing therein. It follows that the city was under no statutory duty to furnish high school training for said children. The enrollment of said children as students in the city schools and the high school training furnished them were voluntary acts of the city, for which no statutory provision is made for payment. In this situation the city invokes the doctrine of equitable estoppel on the theory that it would be inequitable to permit the county court to deny the claim. The rule is stated as follows:

"The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." [19 Am. Jur., sec. 42, l. c. 642; State ex inf. McKittrick v. Mo. Utilities Co., 339 Mo. 385, 96 S. W. (2d) 607.]

1018

The city directs attention to no evidence tending to show that the county was in any way connected either with the enrollment of said children by the city schools or with the services furnished by the city schools to said children. Furthermore, we find no such evidence in the record. The doctrine of equitable estoppel is without application to the facts of this case. The city cites State ex rel. Consolidated School District of Pike County v. Haid, 328 Mo. 739, 41 S. W. (2d) 806. That case is not in point on the facts.

The judgment should be reversed. It is so ordered. All concur.